SECOND DEPARTMENT, DECEMBER, 1993

(December 6, 1993)

■ ADEL ALHARB et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [604 NYS2d 244] —In an action for a judgment declaring that the defendant Liberty Mutual Insurance Company wrongfully disclaimed coverage under a certain excess liability insurance policy issued to the defendants Kamel and Lamia Sayegh, the defendant insurance company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered June 4, 1991, as granted the plaintiffs' motion for summary judgment, denied its cross-motion to dismiss the complaint, and declared that its denial of coverage was improper and that the policy in question provides the Sayeghs with excess insurance coverage under the circumstances of this case.

Ordered that the order is modified, on the law, by deleting the provisions thereof (1) granting the plaintiffs' motion for summary judgment and (2) declaring that the defendant insurance company's denial of coverage was improper and that the Sayeghs are covered under the policy in question, and substituting therefor provisions (1), upon searching the record, granting summary judgment to the defendant insurance company and (2) declaring that the defendant insurance company's denial of coverage was proper and that the Sayeghs are not covered under the policy in question; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Liberty Mutual Insurance Company.

The plaintiffs are seeking a declaration that the defendant insurance company is obligated, under the terms of an insurance policy issued to the defendants Kamel and Lamia Sayegh, to provide the Sayeghs with excess insurance coverage in connection with a personal injury action brought by the plaintiffs against the Sayeghs in their capacity as the landlords of the six-family apartment building where the plaintiffs reside. The defendant insurance company appeals from an order which, *inter alia,* granted the plaintiffs summary judgment.

Under the terms of the policy in question, the Sayeghs were only entitled to excess liability coverage for those properties covered by the underlying policies listed on the declarations page of the policy. The declarations page does not contain any reference to the property where the plaintiffs allegedly sustained their injuries. It only refers to a policy covering the Sayeghs' private residence and another policy covering their automobiles. In exchange for coverage of their private residence, the Sayeghs paid an annual premium of $41. Thus, the Supreme Court erred in declaring that the Sayeghs were entitled to coverage that was not provided by the unambiguous terms of the contract of insurance and that was not taken into account in fixing the insurance premium. Lawrence J. P., Eiber, O'Brien and Santucci, JJ., concur.